UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

**UNITED STATES OF AMERICA**  3:24-CR-0090

**VS.**  **JUDGE TERRY A. DOUGHTY**

**JUSTIN L. WRIGHT**  **MAG. JUDGE KAYLA D. MCCLUSKY**

## MEMORANDUM RULING

Defendant Justin L. Wright moves for "correction of sentence." [Doc. No. 51]. The United States of America (hereafter, "the Government") opposes the motion. [Doc. No. 53]. For reasons below, Defendant's motion is denied.

## Background

On September 24, 2024, Defendant pled guilty to being a felon in possession of a firearm. [Doc. No. 31]. On January 13, 2025, the Court sentenced Defendant to 96 months of imprisonment and three years of supervised release. [Doc. No. 46]. The Court also imposed a $100.00 special assessment. *Id.*

Defendant filed the instant motion on approximately May 12, 2025. [Doc. No. 51]. Citing U.S.S.G. 4A1.2(e), he argues that the Court should award him a downward departure, "drop" his "category," and "drop his guideline" range because three of his prior charges and/or convictions occurred either ten or fifteen years "prior to the commencement" of his sentence here. [Doc. No. 51, p. 1]. He maintains that because two of his prior "charges" were too "distant" in time, the Court should not have considered them in calculating his sentence. *Id.*

## Law and Analysis

Generally, a judgment of conviction which includes a sentence of imprisonment is final. 18 U.S.C. § 3582(b). However, a judgment can be modified under: (1) 18 U.S.C. § 3582(c); (2) Federal Rule of Criminal Procedure 35; and (3) 8 U.S.C. § 3742. *Id.*[1] Defendant does not specify a provision under which he seeks relief. Regardless, none of the provisions above authorizes the Court to correct Defendant's sentence.

A. 18 U.S.C. § 3582(c)

Even assuming Defendant invoked Section 3582(c), it does not entitle him to relief.

"A defendant moving for compassionate release must establish both extraordinary and compelling circumstances *and* that the release is consistent with the § 3553(a) factors." *United States v. Santana-Cerano*, 2025 WL 817589, at *1 (5th Cir. Mar. 14, 2025).

1. Extraordinary and Compelling Reasons

"A district court may grant a motion for compassionate release under § 3582(c)(1) only if it finds, *inter alia*, that 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Austin*, 125 F.4th 688, 691 (5th Cir. 2025). Under 18 U.S.C. § 3582(c)(1)(A)(i):

> (c) The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of

---

[1] "A district court's power to correct or modify a criminal sentence is limited to those specific circumstances enumerated by Congress in 18 U.S.C. § 3582(b)." *United States v. Frank*, 738 F. App'x 330 (5th Cir. 2018).

> imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
>> (i) extraordinary and compelling reasons warrant such a reduction;
>
> . . . .
>
>> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

The Fifth Circuit "understand[s] 'extraordinary' to mean 'beyond or out of the common order,' 'remarkable,' and synonymous with 'singular.'" *United States v. Escajeda*, 58 F.4th 184, 186 (5th Cir. 2023). "'Compelling' . . . means 'to drive or urge with force, or irresistibly,' 'to force,' and 'to subjugate.'" *Id.* The terms 'extraordinary' and 'compelling' "explain why prisoners can seek relief under § 3582(c)(1) only when they face some extraordinarily severe exigency, not foreseeable at the time of sentencing, and unique to the life of the prisoner." *Id.*

"Although not dispositive, the commentary to the U.S.S.G. informs our analysis as to what reasons may be sufficiently 'extraordinary and compelling' to merit compassionate release." *United States v. Batiste*, No. 23-30582, 2024 WL 620373, at *2 (5th Cir. Feb. 14, 2024). Under FSG § 1B1.13(b), the following may be sufficiently extraordinary and compelling reasons: (1) certain medical conditions; (2) the age of the defendant; (3) family circumstances; and (4) defendants who were victims of abuse.

Here, Defendant does not present any circumstances that meet the criteria under FSG § 1B1.13(b). And he does not otherwise present extraordinary and compelling circumstances.

2. <u>Factors Under 18 USC § 3553(a)</u>

Even assuming *arguendo* that Defendant presented extraordinary and compelling reasons to justify correcting his sentence (he does not), the Court would still deny his ostensible motion

3

after analyzing the factors under 18 U.S.C. § 3553(a), and considering his criminal history, personal characteristics, and involvement in the instant offense.  The instant offense is serious and involved the use of a firearm.  Moreover, as the undersigned stated previously at Defendant's sentencing, Defendant had nine felony convictions, and he committed other misdemeanors as well.  [Doc. No. 50].  Further, with respect to his conduct surrounding the instant offense, Defendant "was actively shooting not once but twice in his residential neighborhood, putting the lives of the public in danger due to his reckless manner."  [Doc. No. 49, p. 19].  In addition, he has only served approximately 14 months of his 96-month sentence.

The sentence Defendant received reflects the nature and circumstances of the serious offense and accurately reflects the need to promote respect for the law, provide just punishment, deter further criminal conduct, and protect the public.  On balance, the factors under Section 3553(a), do not warrant a correction of his sentence.

B. Federal Rule of Criminal Procedure 35

Federal Rule of Criminal Procedure 35(a), provides, "Within 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error."  Here, Defendant filed the motion at bar more than fourteen days after sentencing.

Federal Rule of Criminal Procedure 35(b), provides in pertinent part, "Upon the government's motion made within one year of sentencing, the court may reduce a sentence if the defendant, after sentencing, provided substantial assistance in investigating or prosecuting another person."  Here, however, the Government did not move to reduce Defendant's sentence; rather, Defendant filed this motion.  Moreover, Defendant's motion is not grounded in any substantial assistance provided to the Government.

Consequently, Rule 35 is inapplicable and does not afford Defendant any relief.

C. 8 U.S.C. § 3742

Section 3742, is likewise inapposite. In pertinent part, it provides:

> Upon review of the record, *the court of appeals* shall determine whether the sentence—
>
> (1) was imposed in violation of law;
>
> (2) was imposed as a result of an incorrect application of the sentencing guidelines;
>
> (3) is outside the applicable guideline range
>
> . . . .
>
> or (4) was imposed for an offense for which there is no applicable sentencing guideline and is plainly unreasonable.

18 U.S.C. § 3742(e) (emphasis added).

Plainly, Section 3742(e), applies only to a court of appeals. It is not germane here and affords Defendant no relief. *See U.S. v. Suarez-Rangel*, 2020 WL 7753722, at *2 (N.D. Tex. Nov. 23, 2020), *report and recommendation adopted,* 2020 WL 7711279 (N.D. Tex. Dec. 29, 2020) ("The provisions for modifying a sentence under § 3742 are available to a criminal defendant only on direct appeal of a sentence[.]").

## Conclusion

For the reasons above, Defendant Justin L. Wright's motion to correct his sentence, [Doc. No. 51], is **DENIED**.

MONROE, LOUISIANA, this 13th day of June, 2025.

_____
TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE

5